**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

*Counsel to the Alleged Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 11

     SPROUT MORTGAGE, LLC,                           Case No. 23-72433-reg

                              Alleged Debtor.
-----------------------------------------------------------X

## SPROUT MORTGAGE, LLC'S ANSWER TO THE INVOLUNTARY CHAPTER 7 PETITION

**TO:   THE HONORABLE ROBERT E. GROSSMAN**
        **UNITED STATES BANKRUPTCY JUDGE**

Sprout Mortgage LLC, the alleged debtor (the "Alleged Debtor" or "Sprout"), by and through its counsel, the Law Offices of Avrum J. Rosen, PLLC, as and for its answer to the purported involuntary Chapter 7 petition (the "Petition"), respectfully alleges as follows:

1. The Alleged Debtor admits that it is a corporation, as alleged in paragraph 2. of the Petition.

2. Though not alleged in the Petition, New Wave Lending Group, Inc. ("New Wave"), JMJ Financial Group ("JMJ") and EF Mortgage LLC ("EF", New Wave and JMJ collectively, the "Petitioning Creditors") were well aware of the Alleged Debtor's tax identification number, which is 833831116.

3. The Alleged Debtor denies that the Debtor's principal place of business is at 90 Stewart Avenue, Fresh Meadows, New York 11554.  Rather, it is located in East Meadow, New

1

York.  Again, the Petitioning Creditors were well aware of the proper address and this error renders the Petition invalid.

4. The Alleged Debtor admits the allegations in paragraphs 7, 8, 9 and 10 of the Petition.

5. The Alleged Debtor denies the allegation in paragraph 11 of the Petition.

6. The Alleged Debtor denies information sufficient to form a belief as to the allegations in paragraph 12 of the Petition.

7. The Alleged Debtor denies the allegations in paragraph 13 of the Petition as follows:

8. Alleged creditor New Wave does not qualify as a petitioning creditor as its alleged claims are unliquidated, contingent, and disputed. New Wave is a plaintiff in an action styled *New Wave Lending Group, Inc. v. Sprout Mortgage Asset Trust and Sprout Mortgage, LLC*, Case No. 1:22-cv-06304-LLS, currently pending in the United States District Court for the Southern District of New York. There have been no dispositive motions in that case and the parties have been in settlement negotiations since issue was joined in 2023.  The amount listed in this Petition does not even correlate to the amounts demanded in that complaint. Moreover, the Alleged Debtor asserts this constitutes a bad faith filing by this alleged creditor as it was done for the improper purpose of gaining leverage in those settlement negotiations.  Additionally, the Alleged Debtor asserts that New Wave owes it over $10 million.  A copy of the contract and the spreadsheet showing the damages owed to the Alleged Debtor by New Wave is annexed hereto as **Exhibit "A"**.

9. Alleged creditor JMJ does not qualify as a petitioning creditor as its alleged claim is unliquidated, contingent, and disputed.  The Alleged Debtor and JMJ are parties to a contract under which the Alleged Debtor asserts that JMJ owes it over $2.5 million for failure to provide

the required documentation for the loans it originated and sold to the Alleged Debtor. Upon information and belief, no action has been commenced by JMJ to determine the amount owed, if any, by the Alleged Debtor. A copy of the contract and the spreadsheet showing the damages owed to the Alleged Debtor by JMJ is annexed hereto as **Exhibit "B"**. The Alleged Debtor asserts that JMJ filed this Petition in bad faith as a litigation tactic to defend against any actions the Alleged Debtor might bring.

10. In addition, alleged creditor JMJ does not appear to have properly executed the Petition. Virgil Kyle is designated as the petitioner's representative. However, the section of the Petition that requires him to identify his title is left blank. As such, there is no way to know if he had any authority to execute or bind JMJ.

11. Alleged creditor EF does not appear to have properly executed the Petition. A Daniel Margolis c/o Ellington Management Group is listed and Mr. Margolis is listed as General Counsel of that entity. The relationship is not set forth and neither is whether or not counsel has the authority to bind that entity.

13. The Alleged Debtor asserts that it has more than twelve (12) creditors that meet the requirements of being able to commence this Petition. A list of those creditors is annexed hereto as **Exhibit "C"**. Indeed, over seventy (70) of those creditors have joined into a class action lawsuit against the Debtor and others styled *Nathaniel Agudelo et al. v. Recovco Mortgage Management LLC et al.*, Case No.: 2:22-cv-04004-JMA-LGD, pending in the United States District Court for the Eastern District of New York. This action is of public record and the Petitioning Creditors had actual knowledge of same. Moreover, a settlement of the F.L.S.A. claims and other claims is presently *sub judice* and this Petition was filed to obtain leverage for the Petitioning Creditors own claims against the priority wage claims of the Alleged Debtor's employees. A copy of the status

letter filed in that case is annexed hereto as **Exhibit "D"**. Some of those creditors are listed on **Exhibit "C",** others shall be added as they have joined in the class action suit and are being compiled.

## AFFIRMATIVE DEFENSES

14. While the Alleged Debtor is no longer operating, it is collecting amounts owed to it and resolving claims from those funds. All secured claims have been paid and as noted, litigation over employee claims has been resolved, pending court approval. The Alleged Debtor has already made substantial payments towards that settlement and is prepared to complete those payments. Thus, the Alleged Debtor is paying its bills as they become due. The claims of the Petitioning Creditors are all disputed. One is in active litigation (and the case law states that this fact, in and of itself disqualifies it) and the other two are disputed and the Alleged Debtor has shown that the amounts owed to it far outweigh any claims of those creditors.

15. Under the relevant case law and statutory provisions, this Petition does not have the requisite three (3) qualifying creditors and must be dismissed. In addition, the Alleged Debtor asserts that this Petition was filed in bad faith and asserts a claim pursuant to 11 U.S.C. section 303(i).

16. Lastly, even if this Court were to determine that the Petitioning Creditors qualify and the Order for Relief should be granted, the Alleged Debtor asserts that this Court should abstain under section 305 of the Bankruptcy Code, as the employee matters are all *sub judice* with the District Court in the Eastern District and the New Wave litigation is in settlement mode in the District Court in the Southern District of New York. At this point, this case will only cause delay in the employees getting paid and the merits of New Wave's claim, if any, being determined.

**WHEREFORE**, it is respectfully requested that the Petition be dismissed, together with an award of costs and sanctions against the Petitioning Creditors, or in the alternative that this Court abstain pursuant to section 305 of the Bankruptcy Code, together with such other and further relief as to this Court deems just and proper.

Dated: July 31, 2023  
       Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By:    */s/ Avrum J. Rosen*  
       Avrum J. Rosen, Esq.  
       Alex E. Tsionis, Esq.  
       38 New Street  
       Huntington, NY 11743  
       (631) 423-8527  
       arosen@ajrlawny.com  
       atsionis@ajrlawny.com

*Counsel for the Alleged Debtor*