The Kantrow Law Group, PLLC
*Proposed Attorneys for Allan B. Mendelsohn, Trustee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                        Chapter 7
                                                              Case No.: 23-72433-reg

SPROUT MORTGAGE LLC,

                          Debtor.
-------------------------------------------------------------------x

### TRUSTEE'S APPLICATION SEEKING ENTRY OF AN ORDER SCHEDULING A HEARING ON AN EXPEDITED BASIS TO CONSIDER APPLICATION FOR ENTRY OF AN ORDER DIRECTING TURNOVER OF PROPERTY OF THE ESTATE

TO:   HON. ROBERT E. GROSSMAN
      UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the interim chapter 7 trustee (the "Trustee"), by and through his proposed attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order scheduling a hearing on an expedited basis to consider the Trustee's application for entry of an Order directing turnover of property of the estate, and states as follows:

1.    On or about July 5, 2023, an involuntary petition was filed against Sprout Mortgage LLC, seeking the entry of an Order for Relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). After a contested hearing before the Court on August 9, 2023, at which Sprout Mortgage LLC opposed the entry of an Order for Relief, the Court determined that such relief was appropriate and should be granted. Upon the entry of the Order for Relief on August 11, 2023, Allan B. Mendelsohn was appointed the interim Trustee. Due to the nature of this case, the Trustee has moved expeditiously to commence his administration of the estate.

2.      Prior to the entry of the Order for Relief, the Debtor, along with several other parties, was a defendant in an action styled *Agudelo v. Recovco Mortgage Management LLC, et al,* Case No. 22-cv-4004-jma, pending in the United States District Court for the Eastern District of New York (the "FLSA Action").  This action sought to recover damages for violations of the Fair Labor Standards Act and "WARN Act" violations.  On or about June 1, 2023, the plaintiffs in the FLSA Action filed a motion seeking preliminary approval of a proposed settlement.  As part of the proposed settlement (the "Settlement"), Sprout Mortgage LLC, the debtor (the "Debtor" was required to pay an initial portion of the settlement in the amount of $1,950,000.00 (the "Initial Payment") of the total settlement amount of $3,500,000.00 (the "Settlement Amount").  The Initial Payment was to be paid by not later than June 5, 2023.

3.      According to the Settlement filed with the District Court, Settlement Services, Inc. ("SSI") was to act as the settlement agent and was to receive the Initial Payment and hold said Initial Payment in contemplation of the District Court approving the proposed Settlement.  The Trustee has been advised that the Initial Payment was in fact made by the Debtor and the funds are currently being held by SSI.

4.      The instant bankruptcy case and the automatic stay resulting therefrom, has stayed in the FLSA Action.  By letter dated August 16, 2023, a copy of which is annexed hereto as Exhibit "A" the Trustee advised SSI that the Initial Payment constituted property of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code and that pursuant to sections 542 and 543 of the Bankruptcy Code, the Initial Payment was to be immediately turned over to the Trustee.  The letter further advised SSI that in the event that it failed to turnover the estate's property by not later than August 21, 2023, the Trustee would seek expedited relief directing the turnover.

5. Section 541 of the Bankruptcy Code provides in pertinent part that "(a) the commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located or held: (1) [E]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

6. Section 542(a) of the Bankruptcy Code provides that, [E]xcept as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." In the instant case, the property is not of inconsequential value and must be turned over to the Trustee.

7. In the event that SSI is considered a custodian, section 543 of the Bankruptcy Code would apply, and turnover of the property held by SSI would be required. Section 543(a) provides that, "[A] custodian with knowledge of the commencement of a case under this title concerting the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except as is necessary to preserve such property."

8. Section 543(b) provides that, "[A] custodian shall (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and (2) file an

accounting of the property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian."

9.      Here, SSI has simply failed or refused to comply with the relevant sections of the Bankruptcy Code by failing to turnover property of the estate. Under the circumstances, in order to discharge his fiduciary duty, it is essential that the substantial funds held by SSI be immediately turned over to the Trustee. For these reasons, the Trustee seeks expedited relief in order to protect the estate.

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter an Order scheduling a hearing on an expedited basis to consider the entry of an Order directing the immediate turnover of property of the estate.

Dated: Smithtown, New York
       August 21, 2023

                               The Kantrow Law Group, PLLC
                               Proposed Attorneys for Allan B. Mendelsohn

                   BY:    S/Fred S. Kantrow
                               Fred S. Kantrow
                               732 Smithtown Bypass, Suite 101
                               Smithtown, New York 11787
                               516 703 3672
                               fkantrow@thekantrowlawgoup.com