DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Gregory M. Juell
Oksana K. Rosaluk (*pro hac vice application pending*)
Noah M. Schottenstein (*pro hac vice application pending*)

*Attorneys for Settlement Services, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

       Sprout Mortgage LLC,

                            Debtor.
-----------------------------------------------------------------x

Case No. 23-72433-reg

Chapter 7

**SETTLEMENT SERVICES, INC.'S OBJECTION TO TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER DIRECTING TURNOVER OF PROPERTY OF THE ESTATE**

       Settlement Services, Inc. ("SSI"), by and through its undersigned attorneys, objects to the *Trustee's Application Seeking Entry of an Order Scheduling a Hearing on an Expedited Basis to Consider Application for Entry of an Order Directing Turnover of Property of the Estate* [Dkt. No. 37] (the "Motion"), and respectfully states as follows:

**OBJECTION**

1.     Upon being informed of the Motion and Order setting the hearing on the Motion [Dkt. No. 39], SSI retained the undersigned counsel to represent it in this matter. Because this occurred under 24 hours before the hearing, SSI was unable to secure telephonic participation at the hearing. SSI therefore files this objection to explain its position to the Court and reserves all rights relating to this matter.

2.     SSI's counsel requested to meet and confer with the counsel for other interested parties in advance of the hearing. The Trustee's counsel declined to participate in a call with

SSI's counsel, citing unavailability due to preparation for the hearing on the Motion. Counsel for SSI and other interested parties held a conference by telephone on August 23, 2023, at 9am ET.

3. SSI proposes that, if the Trustee insists on pursuing this turnover action, the Court resolve the dispute by authorizing SSI to file an adversary complaint in interpleader. *See* Fed. R. Bankr. P. 7022.

4. SSI asserts that an interpleader action is the appropriate method for the parties to resolve the dispute over the Settlement funds because (i) SSI has no equitable interest in the Settlement funds described in the Motion and holds the funds only as an escrow agent; and (ii) there are multiple other parties with potential equitable interests in the Settlement funds.

5. An interpleader action also complies with the requirement for an adversary proceeding under Bankruptcy Rule 7001(1).

6. Bankruptcy Rule 7001(1) requires that any proceeding to require "money or property" from an entity other than a debtor be filed as an adversary proceeding. Fed. R. Bankr. P. 7001(1).

7. The Motion, however, was filed as a contested matter under Bankruptcy Rule 9014 and should be denied on that basis alone. *See* Dkt. No. 37.

8. The Motion was also filed on an emergency basis. Nothing in Motion, however, explains why emergency relief is necessary with respect to the turnover order sought by the Trustee.

9. SSI accordingly objects to the entry of the relief requested by the Trustee through the Motion.

## **CONCLUSION**

10. For the foregoing reasons, the Court should deny the Motion.

Dated: New York, New York
August 23, 2023

                                            DLA PIPER LLP (US)

                                            By: */s/ Gregory M. Juell*
                                            Gregory M. Juell
                                            Oksana K. Rosaluk (*pro hac vice application pending*)
                                            Noah M. Schottenstein (*pro hac vice application pending*)

                                            1251 Avenue of the Americas
                                            New York, New York 10020
                                            Tel: (212) 335-4500

                                            *Attorneys for Settlement Services, Inc.*