The Kantrow Law Group, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT        RETURN DATE:  **10/16/23**
EASTERN DISTRICT OF NEW YORK           TIME:  **9:30 a.m.**

---------------------------------------------------------------------x

In re:                                                        Chapter 7
                                                              Case No.: 23-72433-reg

SPROUT MORTGAGE LLC,

                                   Debtor.

---------------------------------------------------------------------x

### TRUSTEE'S APPLICATION SEEKING ENTRY OF AN ORDER HOLDING SHEA PALLANTE IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA ISSUED PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DIRECTING <u>COMPLIANCE WITH SUBPOENA</u>

TO:    HON. ROBERT E. GROSSMAN
       UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the interim trustee (the "Trustee") of the Estate of Sprout Mortgage LLC, the debtor (the "Debtor" and/or "Sprout"), respectfully submits this as and for his application (the "Application") seeking the entry of an Order holding Shea Pallante ("Pallante") in contempt for failure to comply with a subpoena issued to him pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and directing his immediate compliance with the subpoena, and states as follows:

1.     On August 29, 2023, this Court issued an Order authorizing the Trustee to serve a subpoena upon Pallante directing him to provide documents and directing him to appear for an oral deposition.  A copy of the Court's August 29, 2023, Order is annexed hereto as Exhibit A.[1]

---

[1] The Trustee notes that in his application seeking the entry of an Order pursuant to Rule 2004 of the Bankruptcy Rules, he incorrectly stated that Mr. Pallante was an attorney.  A review of documents indicates that Mr. Pallante graduated from The Pennsylvania State University with a bachelors degree in "labor law."

2.      On August 30, 2023, the Trustee served the Order, and subpoena along with the required appearance fee and a letter explaining Pallante's obligations pursuant to the Order.  A copy of the subpoena, letter dated August 30, 2023, affidavit of service, and FedEx receipt are all annexed hereto as Exhibit B.

3.      The Trustee's August 30, 2023, letter clearly specified Pallante's obligations pursuant to the Court's Order.  The letter directed Pallante to contact the Trustee's counsel's office to schedule a mutually agreeable time for his appearance at an oral deposition. Pallante has failed or refused to comply with his obligations.

4.      In short, Pallante has ignored the Order of this Court as well as the subpoena directed at him pursuant to the Order.  Pallante was employed by the Debtor as its president. Moreover, media reports indicate that Pallante was the person employed by the Debtor that delivered the termination "notices" to over 500 of the Debtor's employees, without proper notice. The information sought from Strauss is essential to the Trustee's administration of this estate.

5.      The Court should find that Pallante's failure to comply forms a basis to hold him in contempt of court.  He has thumbed his nose at this Court's authority.  The fact remains that neither the Debtor, its former principal, Michael Strauss, nor Strauss' wife who has ignored the subpoenas issued to her, nor their respective counsel, wants the chapter 7 case to continue before this Court and thus they will take any action that they can to frustrate the Trustee's administration of this estate.  Pallante was named in various lawsuits including the pending FLSA Action, and it is more likely than not that he has been in touch with Michael Strauss who may well have directed him to ignore the subpoena.  After all, both Straus' counsel as well as Debtor's counsel, have hinted at their intention to seek to convert this chapter 7 case to one under chapter 11 so that Strauss may remain in control in an attempt to secure the broadest releases for himself and his cronies. In

fashioning sanctions for civil contempt, district courts should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers,* 330 U.S. 258, 304 (1947).  Appropriate sanctions may include a coercive daily file, a compensatory fine, coercive incarceration, or a combination thereof." *Int'l Union, United Mine Workers v. Bagwell,* 512 U.S. 821, 827-29 (1994); *Dinnan v. Bd. of Regents of the Univ. Sys. Of Ga.,* 625 F.2d 1146, 1150 (5th Cir. 1980).

6.     At this point, the Trustee believes that a coercive daily fine is appropriate to force Pallante to comply with the Court's prior Order and appear for an oral deposition.  Of course, should Pallante fail to comply with the Court's Order, the Trustee may return to this Court seeking the imposition of additional coercive fines or, in the event it is appropriate, incarceration if lesser sanctions prove to be ineffective to secure his compliance with this Court's prior Orders.  The Trustee suggests an initial fine of $500 per day for each day after the entry of an Order granting the compel application that Pallante remains obstinate.  The fine should increase to $1,000 per day if he fails to purge his contempt by not later than seven days after the date of entry of the Order until he complies.  The Trustee hopes that the imposition of these monetary sanctions will motivate Pallante's compliance.

WHEREFORE, the Trustee respectfully requests the entry of an Order holding Elizabeth Strauss in contempt and directing his immediate compliance with the Oder and subpoena issued.

Dated: Smithtown, New York
       September 19, 2023

                    The Kantrow Law Group, PLLC
                    Attorneys for Allan B. Mendelsohn

          BY:    S/Fred S. Kantrow

Fred S. Kantrow
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com