**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN LLP**
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
John E. Westerman
William C. Heuer
*Special Litigation Counsel to Allan B. Mendelsohn, Esq., Chapter 7 Trustee of the Estate of Sprout Mortgage LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
In re:

SPROUT MORTGAGE LLC,

Debtor.

Chapter 7

Case No.: 23-72433 (REG)
---------------------------------------------------------------------X
ALLAN B. MENDELSOHN, ESQ., CHAPTER 7 TRUSTEE OF THE ESTATE OF SPROUT MORTGAGE LLC,

Plaintiff,

-against-

SETTLEMENT SERVICES, INC.,

Defendant.

Adv. Proc. No.: 23- _____ (REG)
---------------------------------------------------------------------X

# **COMPLAINT**

Plaintiff, Allan B. Mendelsohn, Esq. (the "**Trustee**" or "**Plaintiff**"), the Chapter 7 Trustee of the estate of Sprout Mortgage LLC, the above-captioned Chapter 7 debtor (the "**Debtor**"), by his special litigation counsekl, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, for his complaint (the "**Complaint**") against defendant Settlement Services, Inc. ("**Defendant**" or "**SSI**"), alleges as follows:

## **The Nature of This Action**

1. This adversary proceeding is commenced pursuant to Sections 105, 542, and 543 of Chapter 11 of Title 11, United States Code, sections 101 *et seq*. (the "**Bankruptcy Code**"), and

Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to recover property of the Debtor's estate for the benefit of the Debtor's estate.

2. Shortly before the Debtor's involuntary bankruptcy proceedings were commenced pursuant to Section 303 of the Bankruptcy Code on July 5, 2023, no less than $1,950,000.00 was transferred from the Debtor's accounts to the Defendant (the "**Funds**" and the "**Transfer**", respectively). The Funds remain in the Defendant's possession.

3. Through this adversary proceeding, the Trustee seeks a return of the Funds.

**The Parties**

4. Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

5. Defendant Settlement Services is a service provider in lawsuit settlement administration headquartered in Tallahassee, Florida.

6. Defendant Settlement Services is a wholly-owned subsidiary of the Garden City Group, LLC.

**Jurisdiction and Venue**

7. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

8. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157(a), 157(b)(2)(A), (E), and (O).

9. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

10. The statutory predicates for the relief sought in this proceeding are 11 U.S.C. §§ 542 and 543.

## **Background**

### A. **The Funds and Defendant's Possession Thereof**

11. Prior to commencement of the Debtor's involuntary chapter 7 bankruptcy proceedings on July 5, 2023 (the "**Petition Date**"), the Debtor was one of several defendants in a number of pending lawsuits in the nature of class actions in connection with, *inter alia*, claims asserted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and other, similar and related laws (the "**Prepetition Litigation**").

12. Michael Strauss, who was the Chief Executive of Sprout Mortgage LLC in the prepetition period, was also a defendant in the Prepetition Litigation.

13. On or about June 1, 2023 (*i.e*., slightly more than one (1) month before the Petition Date), the plaintiffs in the Prepetition Litigation entered into a settlement agreement (the "**Proposed Settlement**") with the defendants in those actions, namely, the Debtor, Michael Strauss, Recovco Mortgage Management LLC, Christopher Wright (a prepetition Sprout Executive), and Elliot Salzman (a prepetition Sprout Executive) (collectively, the "**Prepetition Litigation Defendants**").

14. The Proposed Settlement required that the Debtor fund $1,950,000.00 (One Million Nine Hundred Fifty Thousand Dollars) (*i.e*., the Funds) out of the total amount of $3,500,000.00 (Three Million Five Hundred Thousand Dollars) needed for the settlement of all claims against all of the Prepetition Litigation Defendants.

15. The Proposed Settlement was filed in the United States District Court for the Eastern District of New York (Civil Case No. 22-cv-4004) [Dkt. No. 201-2] and was signed by Michael Strauss on behalf of the Debtor.

16. The Proposed Settlement provides that the "total monetary component of the

Settlement" would be "paid by [the Debtor] and Strauss on behalf of all Defendants" in the Prepetition Litigation.

17. The Proposed Settlement amount was an "all in" number:

> The Settlement Amount is an "all in" number that includes, without limitation, all monetary benefits and payments to the Settlement Class, Service Payments, Fee and Expense Award, escrow fees, Settlement Fund Taxes and Settlement Fund Tax Expenses, any and all applicable payroll taxes associated with the Settlement Payment (including employer payroll taxes) and all other costs and expenses relating to the Settlement (including, but not limited to, administration costs and expenses, notice costs and expenses, and settlement costs and expenses).

18. The Proposed Settlement also provides:

> The obligations of [the Debtor] and Strauss to make the payments set forth herein are contingent on such assets remaining available and unencumbered at the time they become due. If other creditors of [the Debtor] or Strauss take action that impedes or precludes the transfer of such assets (including but not limited to by filing liens, restraining notices or orders of attachment), then Plaintiffs, [the Debtor] and Strauss shall have the right to revoke the Settlement Agreement. In the event any of these Parties exercises the right to revoke, the Parties shall return to their positions prior to the execution of the Settlement Memorandum of Understanding ("MOU") executed on April 10, 2023 and all amounts or assets transferred to [the Defendant] shall be returned to the Party from which they originated.

19. Prior to the Petition Date, at the direction of Michael Strauss, the Transfer was made and the Funds were transferred from the Debtor's accounts to the Defendant.

**B. <u>The Debtor's Bankruptcy Proceedings</u>**

20. On July 5, 2023, the Debtor's involuntary bankruptcy proceedings were commenced in the United States Bankruptcy Court for the Eastern District of New York (the "**<u>Bankruptcy Court</u>**").

21. On August 11, 2023, the Bankruptcy Court entered an Order for Relief under

chapter 7 of the Bankruptcy Code and the Trustee was appointed on an interim basis to administer the Debtor's bankruptcy estate.

22. On August 16, 2023, the Trustee, through counsel, made a written demand to the Defendant to immediately turnover the Funds to the Trustee pursuant to, inter alia, Sections 542 and 543 of the Bankruptcy Code.

23. Defendant did not comply.

24. On August 21, 2023, the Trustee, through counsel, sought entry of an Order by the Bankruptcy Court pursuant to Sections 542 and 543 of the Bankruptcy Code requiring the turnover of property of the Debtor's bankruptcy estate. The property for which turnover was sought was the Funds, in the Defendant's possession.

25. By Order entered on August 24, 2023, the Bankruptcy Court entered an order requiring that the Defendant hold the Funds and directed the Funds not be disbursed or distributed "absent an Order of the Bankruptcy Court authorizing and directing the distribution of said [Funds.]"

26. On October 4, 2023, the Trustee gave notice to the Defendant of the Debtor's revocation of the Proposed Settlement.

27. Also on October 4, 2023, the Trustee filed a motion with the Bankruptcy Court seeking entry of an order, pursuant to Section 365 of the Bankruptcy Code, "rejecting" the Proposed Settlement.

**First Claim for Relief**
**(Turnover Pursuant to 11 U.S.C. § 542)**

28. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

29. The Funds that were transferred to the Defendant belonged to the Debtor.

30. The Funds were, prior to the Petition Date, the Debtor's property.

31. The Funds remain, in the postpetition period, the Debtor's property.

32. The Trustee has exercised its right to revoke the Proposed Settlement.

33. The Trustee has demanded that the Defendant return the Funds to the Trustee.

34. Defendant has not returned the Funds to the Trustee.

35. By reason of the foregoing, the Trustee is entitled to judgment against the Defendant pursuant to Bankruptcy Code section 542 (i) requiring that the Funds be returned to the Trustee in full, and/or (ii) for monetary damages in the amount of not less than $1,950,000.00 (One Million Nine Hundred Fifty Thousand Dollars), plus (iii) interest, attorneys' fees, and costs as may be appropriate.

**Second Claim for Relief**
**(Turnover Pursuant to 11 U.S.C. § 543)**

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

37. The Funds that were transferred to the Defendant belonged to the Debtor.

38. The Funds were, prior to the Petition Date, the Debtor's property.

39. The Funds remain, in the postpetition period, the Debtor's property.

40. The Trustee has exercised its right to revoke the Proposed Settlement.

41. The Trustee has demanded that the Defendant return the Funds to the Trustee.

42. Defendant is a custodian in possession of the Funds, which are property of the Debtor's bankruptcy estate.

43. Defendant is aware of the Debtor's bankruptcy proceedings.

44. Defendant has not returned the Funds to the Trustee.

45. By reason of the foregoing, the Trustee is entitled to judgment against the Defendant pursuant to Bankruptcy Code section 543 (i) requiring that the Funds be returned to the Trustee in full, and/or (ii) for monetary damages in the amount of not less than $1,950,000.00 (One Million Nine Hundred Fifty Thousand Dollars), plus (iii) interest, attorneys' fees, and costs as may be appropriate.

**Conclusion**

**WHEREFORE**, Plaintiff Allan B. Mendelsohn, Esq., as Trustee, demands judgment against the Defendant:

(i) on the First Cause of Action, requiring a return of the Funds and/or for monetary damages in the amount of not less than $1,950,000.00, and/or

(ii) on the Second Cause of Action, requiring a return of the Funds and/or for monetary damages in the amount of not less than $1,950,000.00,

(iii) an award of interest, attorneys' fees, and costs as the Court deems appropriate; and

(iv) such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
October 4, 2023

**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN LLP**

By: */s/ William C. Heuer*
William C. Heuer, Esq.
John E. Westerman, Esq.
1201 RXR Plaza
Uniondale, New York 11556

*Special Litigation Counsel for Plaintiff Allan B. Mendelsohn, Esq., Chapter 7 Trustee*