**The Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                                  Chapter 7

     SPROUT MORTGAGE, LLC,                                  Case No. 23-72433-reg

                                  Debtor.
-------------------------------------------------------------X

**DEBTOR'S MOTION SEEKING ENTRY OF AN
ORDER SCHEDULING A HEARING ON AN EXPEDITED BASIS
TO CONSIDER THE JOINT MOTION OF THE DEBTOR AND THE LAW OFFICES
OF AVRUM J. ROSEN, PLLC TO QUASH TRUSTEE'S RULE 2004 SUBPOENAS
SEEKING THE PRODUCTION OF DOCUMENTS FROM DEBTOR'S COUNSEL AND
THE DEPOSITION OF NICO G. PIZZO, ESQ. AND SEEKING A STAY OF THE
<u>SUBPOENAS PENDING A DETERMINATION OF THIS MOTION</u>**

**TO:    THE HONORABLE ROBERT E. GROSSMAN
           UNITED STATES BANKRUPTCY JUDGE**

Sprout Mortgage LLC, the debtor herein (the "<u>Debtor</u>"), by and through its counsel, The Law Offices of Avrum J. Rosen, PLLC ("<u>AJR</u>"), and AJR, by and through itself (collectively, the "<u>Movants</u>"), respectfully submit this joint motion seeking the entry of an order scheduling a hearing on an expedited basis to consider the Movant's joint motion (the "<u>Motion</u>") seeking the entry of an order: (i) quashing the Chapter 7 Trustee's (the "<u>Trustee</u>") Rule 2004 subpoena seeking the production of documents by AJR and the Trustee's Rule 2004 subpoena seeking an oral deposition of Nico G. Pizzo, Esq. (collectively, the "<u>Rule 2004 Subpoenas</u>") pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 45(d)(2) and (d)(3) of the Federal Rules of Civil Procedure ("<u>Fed. R. Civ. P.</u>"); and (ii) seeking a stay of AJR's

and Nico G. Pizzo, Esq.'s time to comply under the Rule 2004 Subpoenas pending a determination of the Motion, and respectfully represents as follows:

## BACKGROUND

A.   **Procedural Background**

1. On July 5, 2023, New Wave Lending Group, Inc. ("New Wave"), JMJ Financial Group ("JMJ") and EF Mortgage LLC ("EF", and together with New Wave and JMJ, the "Petitioning Creditors") filed an involuntary petition on Official Form 205 (the "Involuntary Petition") against Sprout [Dkt. No. 1] with this Court and commenced this Bankruptcy Case

2. A summons was issued on July 7, 2023 [Dkt. No. 5].

3. On July 31, 2023, the Debtor filed its answer and affirmative defenses to the Involuntary Petition (the "Answer") and interposed defenses and counterclaims [Dkt. No. 8].

4. On August 2, 2023, the Court entered an Order scheduling a status conference on the Answer [Dkt. No. 10], and on August 9, 2023, the Court held a status conference.

5. On August 11, 2023, the Court entered an Order for Relief and Allan B. Mendelsohn was appointed the interim Trustee.

6. On August 11, 2023, the Court then entered an *Amended Order for Relief and Order to File Schedules and Other Documents* [Dkt. No. 14], which, *inter alia*, granted the Involuntary Petition and ordered the Debtor to all schedules, statements, lists and other documents that are required under the Federal and Local Rules of Bankruptcy Procedure within thirty days (30) days from the date of entry of this Order (the "Order Setting Deadlines"). The thirtieth (30th) day after the Order Setting Deadlines is September 11, 2023.

7. On August 22, 2023 the Debtor and Mr. Strauss filed a joint motion seeking reconsideration of the Court's Order for Relief [ Dkt. No. 45]. A hearing on that motion was set

for September 12, 2023. Opposition to that motion was filed by the Petitioning Creditors [Dkt. Nos. 70-71]. The Debtor filed a Reply to that motion on September 8, 2023 [Dkt. No. 4].

8.  Prior to the September 11, 2023 deadline, the Debtor moved for a further extension of the time to file schedules for an additional two weeks and submitted an application to shorten notice on said application [Dkt. No. 75]. The Court declined to enter that proposed order and directed that it be noticed as a regular motion. That was done on September 11, 2023 [Dkt. No. 77].

9.  The Court heard initial arguments on the motion for reconsideration on September 12, 2023 and further directed, and then entered an Order [Dkt. No. 85], that schedules were to be filed by Wednesday, September 20, 2023.

10. The Debtor's complete schedules were timely filed [Dkt. No. 105] pursuant to that Order.

11. On September 29, 2023 the Debtor filed a motion to convert this case to one under chapter 11 of the Bankruptcy Code [Dkt. No. 134] and submitted a proposed order scheduling an expedited hearing and setting notice requirements.

12. On October 2, 2023, at 2:48 p.m. this Court entered that Order [Dkt. No. 138].

**B.  Relevant Facts**

13. On the same day (October 2, 2023) at 5:51 p.m., the Trustee's counsel sent the letter[1] demanding a turnover of AJR's entire file in this case.

14. The next day a lengthy response was provided by AJR that detailed and provided the relevant case law to demonstrate that the request was without any sound basis under the

---

[1] A copy of that letter was annexed to the 2004 Application as Exhibit A.

relevant case law. That letter (Exhibit B to the Motion) was quoted in full in the "Preliminary Statement" to the Motion.

15. Within *four minutes*, the Trustee's counsel responded by email (Exhibit B to the Motion) which simply stated that all the arguments had been anticipated by the Trustee and the Trustee would be seeking a turnover. No attempt was ever made to limit the order to any areas where discovery might be appropriate.

16. The Trustee moved for a 2004 Order to issue subpoenas on October 3, 2023 [Dkt. No. 143] (the "2004 Application").

17. What was *not* attached to that 2004 Application was a copy of the email advising that a response as to the request would be provided by the end of business the next day.

18. In paragraph 11 of the 2004 Application, the Trustee's counsel stated that the holding in *CFTC v. Weintraub,* 471 U.S. 343 (1985) was also applicable to the attorney work product privilege without any citation to authority, *despite* having been given case authority directly stating the opposite before the 2004 Application was filed. What is incredulous in that statement is that any attorney could analyze all of the case law in that correspondence and then file a motion that failed to advise the Court that those issues had been raised, and then never even address those issues in the motion.

19. The Court entered the 2004 Order on October 5, 2023 (the "2004 Order").

20. The Trustee then issued the two Rule 2004 Subpoenas and attempted to serve AJR and Mr. Pizzo. The Movants' assert that the Rule 2004 Subpoenas were not properly served on either AJR or Mr. Pizzo, as they were served by FedEx, when personal service is required and that

requirement was not waived by either party.[2] *See Catlin v. Global*, 2014 WL 3955220, at *3 (W.D.N.Y. Aug. 13, 2014) (Where a subpoena is directed to a corporation (or other entity), it generally must be personally served on a corporate officer or other agent authorized under Fed. R. Civ. P. 4 to accept service of process).

## EXPEDITED RELIEF IS NECESSARY

21. By this Motion, the Movants seek a hearing on the Motion on an expedited basis due to the fact that the deadline set forth in the 2004 Order is October 20, 2023, which date is rapidly approaching. In addition, there is some uncertainty in the case law as to whether or not the filing of a motion to quash stays the compliance of a subpoena. Accordingly, the Movants, seek a hearing on the Motion on an expedited basis out of an abundance of caution.

**WHEREFORE**, the Movants respectfully requests that this Court enter an Order scheduling a hearing on an expedited basis to consider the entry of an Order: (i) quashing the Rule

[*Remainder of Page Intentionally Left Blank*]

---

[2] Rule 45 of the Federal Rules of Civil Procedure states, in pertinent part, that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "Several courts have interpreted this language as requiring personal service." *U.S. Bank Nat'l Ass'n as Tr. for CSMC Mortg.-Backed Pass-Through Certificates*, No. 16-cv-230, 2020 U.S. Dist. LEXIS 121901, 2020 WL 3881412, at *3 (D. Vt. July 9, 2020); *see also* 9 Moore's Federal Practice — Civil § 45.21[1] ("A subpoena is served by 'delivering' a copy to the person named in the subpoena. The majority rule is that personal service of a subpoena is required, and that service by mail or other substituted service is insufficient."). *Concepts NREC, LLC v. Xuwen Qiu*, No. 5:20-cv-133, 2021 U.S. Dist. LEXIS 252822 (D. Vt. Sep. 20, 2021).

2004 Subpoenas against AJR and Mr. Pizzo; (ii) staying compliance with the Rule 2004 Subpoenas pending a determination of this Motion; together with (iii) such other and further relief as this Court deems just and proper under the facts and circumstances herein.

| | |
|---|---|
| Dated: October 13, 2023<br>Huntington, New York | Respectfully submitted,<br><br>**Law Offices of Avrum J. Rosen, PLLC**<br><br>By:  /s/ Avrum J. Rosen<br>Avrum J. Rosen, Esq.<br>Nico G. Pizzo, Esq.<br>38 New Street<br>Huntington, New York 11743<br>(631) 423 8527<br>arosen@ajrlawny.com<br>npizzo@ajrlawny.com |