UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

                                                          Chapter 11

SPROUT MORTGAGE LLC,

                                                          Case No.:  23-72433 (REG)

                            Debtor.

------------------------------------------------------------------------X

## ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO REJECT THE "PROPOSED SETTLEMENT" AS AN EXECUTORY CONTRACT

Upon the motion (the "Motion")[1] of the Trustee of the above-captioned Debtor, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for entry of an order (this "Order"): (i) authorizing the Trustee to reject the Proposed Settlement and (ii) granting related relief; and upon consideration of the Trustee Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief requested by this Motion is in the best interests of the estate, its creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

    2.    Pursuant to section 365 of the Bankruptcy Code, the Proposed Settlement is hereby rejected effective as of the date of entry of this Order and of no further force and effect.

    3.    The *Order Directing Funds Held by Settlement Services, Inc. to Remain on Deposit and Shall Not be Distributed Absent a Further Order of the Bankruptcy Court* [Docket No. 61] (the "Status Quo Order") is hereby vacated, and Settlement Services, Inc. ("SSI") is

---

[1] Capitalized terms not defined herein are defined in the Motion.

hereby authorized and directed to release $1,950,000 (referred to as the "Funds" in the Motion and as the "Initial Payment" in the Status Quo Order) *plus* any interest that has accrued thereon but *less* any accrued taxes thereon, (together, the "Funds"), to the Trustee within five (5) business days from entry of this Order by wire to the bank account to be specified by the Trustee in writing (for purposes of which email shall be sufficient) to SSI, and SSI shall have no further obligation or liability whatsoever to the Trustee, the Debtor, the Debtor's estate, or the parties to the Prepetition Litigation in connection with or in any way related to the Funds and their release pursuant to this Order. SSI is further authorized to remit such accrued but unpaid taxes to the applicable taxing authority and to take all actions necessary to terminate the associated website and close down the bank account.

4. The Trustee is hereby authorized to take all actions necessary to dismiss with prejudice the adversary proceeding captioned *Allan B. Mendelsohn, Esq., Chapter 7 Trustee of the Estate of Sprout Mortgage LLC v. Settlement Services, Inc.*, Adv. Pro. No. 23-ap-8066-REG, filed with this Court, and shall do so within a reasonable time after receiving the Funds, and by no later than five (5) business days from receiving the Funds.

5. Any person or entity that holds a claim arising from rejection of the Proposed Settlement must file a proof of claim by the later of (i) thirty (30) days after entry of this Order, and (ii) the applicable bar date. If no proof of claim is timely filed, then such person or entity shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtor's bankruptcy case.

6. The terms and conditions of this order shall be immediately effective and enforceable upon its entry notwithstanding any Bankruptcy Rule to the contrary.

7. The Trustee is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

8. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.



Dated: Central Islip, New York
December 1, 2023

Robert E. Grossman
United States Bankruptcy Judge