UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                                                   Chapter 11

Sprout Mortgage, LLC,                                          Case No. 823-72433-A736

      Debtor.                                                        Application in Support

----------------------------------------------------------X

TO:    The Honorable Robert E. Grossman,
         United States Bankruptcy Judge

         The Application of Shea Pallante ("Pallante"), by his attorneys, Weinberg Gross & Pergament, LLP in support of the entry of an Order: (a) granting Shea Pallante relief from the terms of the Bankruptcy Court Order of December 1, 2023 and Judgment holding him in Contempt, pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b); and (b) such other and further relief as this Court deems just and proper ("Motion"), respectfully represents as follows:

        1.    On or about July 5, 2023, an involuntary petition was filed against the Debtor under Chapter 7 of the Bankruptcy Code. The case was converted to Chapter 11 on October 20, 2023.

        2.    Allan B. Mendelsohn was appointed Chapter 11 Operating Trustee (the "Trustee") pursuant to 11 U.S.C. Section 1104 and is duly qualified and has acted in said capacity.

## BACKGROUND

        3.    On August 26, 2023, the Trustee file an Application for the entry of an Order authorizing the Trustee to serve a subpoena upon Mr. Pallante directing him to provide documents and directing him to appear for an oral deposition pursuant to Bankruptcy Rule 2004. The Court entered the Order granting the Trustee's application on August 29, 2023 (the "August 29th Order") [Docket No. 67].

4. According to the August 29th Order and the Subpoena, Mr. Pallante was required to produce documents no later than fourteen (14) days from the date of he Order and appear for an oral examination.

5. On August 30, 2023, the Trustee mailed the August 29th Order and Subpoena to Mr. Pallante at the office of his employer in New Jersey.

6. Mr. Pallante did not comply with the terms of the August 29th Order or Subpoena.

7. The Court then entered an Order on October 30, 2023 (the "October 30th Order") [Docket No. 197] directing Mr. Pallante to produce those documents demanded in the Subpoena no later than November 6, 2023 and to appear for an oral deposition on November 14, 2023.

8. The October 30th Order also provided that in the event that Mr. Pallante failed to appear for the oral deposition on November 14, 2023, the Trustee could file an Affidavit of Non-Compliance, after which the Court could consider the entry of an order granting additional relief to the Trustee.

9. Mr. Pallante did not comply with the October 30th Order. The Trustee then filed an Affidavit of Non-Compliance and the Court held a hearing on November 29, 2023. Mr. Pallante did not appear at that hearing. The Court then entered an Order on December 1, 2023 (the "December 1st Order") [Docket No. 244] holding Mr. Pallante in contempt for his failure to comply with prior Orders of the Court (the August 29th Order and October 30th Order). The December 1st Order also provided that Mr. Pallante would be sanctioned in the amount of $500.00 per day, retroactive to October 30, 2023, until such time as Mr. Pallante complied with the prior Orders of the Court. The December 1st Order further provided that the Trustee would be entitled

to the entry of a money judgment against Mr. Pallante for the sanctions amount. A copy of the December 1st Order is annexed hereto as Exhibit "A."

10. The December 1st Order was mailed to the offices of Mr. Pallante's employer in New Jersey. Mr. Pallante received a call on December 5, 2023 from a secretary in the Trustee's counsel's office. Mr. Pallante was advised of the Order and Subpoena, which were emailed to Mr. Pallante after the call. Mr. Pallante advised that he would be gathering the documents responsive to the Subpoena and retain counsel for the purpose of otherwise responding to the Trustee's Subpoena and submitting to a Rule 2004 examination.

11. Subsequent thereto, Mr. Pallante retained Weinberg, Gross & Pergament LLP on December 19, 2023 to represent him in connection with the Subpoena and the Order. Mr. Pallante, through his counsel, provided his Responses to the Trustee's Subpoena on December 21, 2023 and agreed to immediately appear for the Rule 2004 examination. The first available date for the Trustee's counsel was January 3, 2024. Mr. Pallante appeared for the Rule 2004 examination before Trustee's counsel on January 4, 2024.

12. Mr. Pallante has now fully complied with the August 29th Order and Subpoena. The Trustee's counsel filed an Affirmation of Compliance with the Bankruptcy Court on January 8, 2024 [Dkt. No. 267). Annexed hereto as Exhibit "B" is a copy of the Affirmation of Compliance filed by Trustee's counsel.

13. The Trustee's counsel sought and obtained on January 9, 2024 a money judgment against Mr. Pallante in the sum of $33,000.00, representing the sanction amount of $500.00 per day retroactive to October 30, 2023 and through January 4, 2024, in accordance with the terms of the December 1st Order.

14. As more detailed in the Affidavit of Shea Pallante, Mr. Pallante avers that he was never served with the August 29th Order or Subpoena. The August 29th Order and

3

Subpoena were mailed to Mr. Pallante at an address in Mount Laurel, New Jersey. This is the corporate address of Mr. Pallante's employer, ARC Home. Mr. Pallante does not physically work at this address. Mr. Pallante works remotely from an office in Franklin, Tennessee. The October 30th Order was also mailed to the address in Mount Laurel, New Jersey.

15. The December 1st Order was mailed to the address in Mount Laurel, New Jersey and a residence address in Nolensville, Tennessee. Mr. Pallante had moved from that Tennessee address in July 2023.

16. It wasn't until December 5, 2023 that Mr. Pallante learned of the existence of the August 29th Order and Subpoena, the October 30th Order, and the December 1st Order. Once he learned of the Subpoena and the Order, Mr. Pallante called the Trustee's counsel to arrange for compliance with the terms of these Orders.

17. Bankruptcy Rule 9024, which incorporates by reference, Federal Rule of Civil Procedure 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order.

18. Federal Rule of Civil Procedure 60(b) provides, in pertinent part, that on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . ; or (6) any other reason justifying relief from the operation of the judgment. Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. *Nemaizer v. Baker*, 793 F2d 58, 61 (2d Cir. 1986) citing *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir.1982); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981). In other words, it should be broadly construed to do

"substantial justice," see *Seven Elves*, 635 F.2d at 401, yet final judgments should not "be lightly reopened." Id.; *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984).

19. A motion under Federal Rule 60(b) seeking such relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused. *Griffin*, 722 F.2d at 680; *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981). Rule 60(b) provides for relief from judgment on any of several grounds specified in five numbered subparts, see Fed.R.Civ.P. 60(b)(1)-(5), and under a sixth, catch-all provision allowing for relief for "any other reason." Case law in the Second Circuit holds that Rule 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case." *Empresa Cubana Del Tabaco v. General Cigar Co., Inc.* 385 Fed. Appx. 29, 31 (2d Cir 2010) citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977) (quoting 7 Moore's Federal Practice ¶ 60.27[2] at 375 (2d ed. rev.1975)).

20. It has been established by precedent that a motion under Federal Rule of Civil Procedure 60(b) is the proper vehicle to seek redress from an Order for Contempt. *See Bank of America, N.A. v. Veluchamy*, 2018 U.S. District LEXIS 230881(Illinois Northern District Court December 11, 2018). A district court reviews a motion to vacate a contempt order under Federal Rule of Civil Procedure 60, the rule that contemplates relief from a final judgment. *Keybank Nat'l Ass'n v. Monolith Solar Assocs LLC*, 2020 U.S. District LEXIS 169331 (New York Northern District Court, September 16, 2020) *citing New York City Dist. Council of Carpenters Pension Fund v. G&M Drywall Sys. Inc.*, 2010 U.S. Dist. LEXIS 54444, 2010 WL 2291490, at *7-8 (S.D.N.Y. June 1, 2010) (considering motion for relief from contempt order using Rule 60). Rule 60(b)(1) allows the district court to relieve a party "from a final judgment or order for . . . mistake, inadvertence, surprise, or excusable neglect[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). That decision is within the "sound discretion" of the district court. However, the

Supreme Court charges lower courts to weigh four factors in determining whether a movant's neglect was excusable: (1) the danger of prejudice to the non-moving party; (2) the length of the delay caused by the neglect and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the movant's "reasonable control;" and (4) whether the movant acted in good faith. *Keybank Nat'l Ass'n v. Monolith Solar Assocs LLC* citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

21. Mr. Pallante satisfies all of the excusable neglect standards. The involuntary petition for relief commencing this Bankruptcy case was filed on July 5, 2023. The statute of limitations for commencing avoidance actions to recover either preferences or fraudulent conveyances expires two years from the date of the order for relief under 11 U.S.C. Section 546. The Trustee has more than enough time to commence said actions based upon any information obtained from Mr. Pallante, so there is no prejudice to the Bankruptcy Estate.

22. The length of delay in Mr. Pallante responding to the December 1st Order was minimal. Once contacted by phone and e-mail from Trustee's counsel on December 5, 2023, Mr. Pallante immediately began cooperating with Trustee's counsel in compiling documents responsive to the Subpoena and retaining counsel to represent his interests.

23. The delay in responding was not within Mr. Pallante's control, in that he had not received the August 29th Order and Subpoena, the October 30th Order nor the December 1st Order, which were sent to an address of his employer in New Jersey. Mr. Pallante was effectively deprived of his due process rights to respond timely to the Subpoena and the Orders of this Court.

24. It is unquestionable that Mr. Pallante has acted in good faith. Once he made contact with Trustee's counsel on December 5, 2023 (just four days after the December 1st Order), Mr. Pallante compiled the documents responsive to the Trustee's Subpoena, retained counsel to

represent him, served his responses to the Subpoena upon Trustee's counsel and appeared for his Rule 2004 examination on January 4, 2024.

25. Mr. Pallante has established grounds that he has acted in good faith to warrant relief from the December 1st Order, and it should be modified accordingly to reflect that Mr. Pallante has cured his contempt of that Order, the August 29th Order and Subpoena and the October 30th Order. The December 1st Order should also be modified to reflect that Mr. Pallante should not be responsible for any monetary sanctions to the Estate as a result of his unintentional non-compliance with the August 29th Order and October 30th Order.

26. Moreover, as evidenced by his good faith efforts, Mr. Pallante has demonstrated that he is entitled to relief from the terms of the December 1st Order and the Judgment under the "catch all provision" of Federal Rule of Civil Procedure 60(b)(6).

27. No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this honorable Court grant the Application of Mr. Pallante for the entry of an Order: (a) granting Shea Pallante relief from the terms of the December 1, 2023 Bankruptcy Court Order and Judgment, pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b); and grant such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      January 10, 2024

                                        Weinberg, Gross & Pergament LLP
                                        Attorneys for Shea Pallante

                   By: _____
                                        Marc A. Pergament
                                        400 Garden City Plaza, Suite 309
                                        Garden City, New York 11530
                                        (516) 77-2424 ext. 226