UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                                          Chapter 11

Sprout Mortgage, LLC,                                    Case No. 823-72433-A736

       Debtor.                                                  Affidavit

--------------------------------------------------------X

       Shea Pallante, being duly sworn, deposes and says:

       1.    I am the movant herein and I make this Affidavit in Support of my Application for entry of an Order: (a) granting relief from the terms of the Bankruptcy Court Order of December 1, 2023 and Judgment, pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b); and (b) such other and further relief as this Court deems just and proper.

       2.    I adopt all the statements and arguments asserted by my counsel in the within Application annexed to this Motion.

       3.    Unbeknownst to me, the Court entered an Order on August 29, 2023 authorizing Allan B. Mendelsohn, the Chapter 11 Operating Trustee (the "Trustee") to serve a Subpoena upon me directing me to provide documents and directing me to appear for an oral deposition.

       4.    I did not respond to the Subpoena authorized by the Bankruptcy Court Order of August 29, 2023.

       5.    Unbeknownst to me, the Court entered an Order on October 30, 2023 directing me to produce those documents demanded in the Subpoena no later than November 6, 2023 and to appear for an oral deposition on November 14, 2023.

6.   I did not respond to the Bankruptcy Court Order of October 30, 2023.

7.   As a result of my non-compliance, the Bankruptcy Court entered an Order on December 1, 2023 (the "December 1st Order") holding me in contempt for my failure to comply with prior Orders of the Court. The December 1st Order also provided that I would be sanctioned in the amount of $500.00 per day, retroactive to October 30, 2023, until such time as I complied with the prior Orders of the Court.

8.   I never learned about the entry of the December 1st Order or the prior Order until December 5, 2023 when I received a message from my employer's corporate office in New Jersey that Carolyn Pisciotta, an employee of Trustee's counsel, had left a voice mail in the general mailbox of the corporate office of my employer located in New Jersey. On December 5, 2023 I spoke with Trustee's counsel, Fred Kantrow. It was then that I learned of the December 1st Order, the August 29th Order granting the Trustee's Rule 2004 examination and Subpoena and the October 30th Order. I received the Orders and the Subpoena from Mr. Kantrow on December 5, 2023. A copy of the e-mail from Fred Kantrow, Esq. is annexed as Exhibit "C."

9.   In reviewing the Affidavit of Service for the August 29th Order and Subpoena, I noticed that it was mailed to me at the address of 3001 Leaden Hall Road, Suite 301, Mount Laurel, New Jersey 08054 (the "New Jersey Address"). This is the address for ARC's corporate office. The New Jersey Address is not a proper address for me, in that I do not have any physical presence in that location. I work for ARC remotely at my own personal office address of 3401 Mallory Lane, Franklin, TN 37067 (the "Franklin Address"). I have had this personal office at the Franklin Address since May 2022. The Affidavit of Service of the August 29th Order and Subpoena is annexed hereto as Exhibit "D."

2

10.    In reviewing the Affidavit of Service for the October 30th Order, I noticed that it was also mailed to me at the New Jersey Address. The Affidavit of Service of the October 30th Order is annexed hereto as Exhibit "E."

11.    In reviewing the Affidavit of Service for the December 1st Order, it was mailed to me at the New Jersey Address and the address of 613 Vickery Park Drive, Nolensville, TN 37135 (the "Vickery Park Address"). The Vickery Park Address was a prior residence of mine, which I left in July 2023. Since July 2023, I have been residing at Waller Road in Brentwood, Tennessee. The Affidavit of Service of the December 1st Order is annexed hereto as Exhibit "F."

12.    As aforementioned, but for the voice message from an employee of Trustee's counsel to the general voice mail box at my employer's corporate office at the New Jersey Address, I never would have learned about the August 29th Order and Subpoena, the October 30th Order or the December 1st Order entered against me by the Bankruptcy Court in this proceeding.

13.    Once I received the e-mail from Trustee's counsel on December 5, 2023 enclosing the December 1st Order and other prior Orders of this Court, I immediately took the necessary steps to resolve the situation, which had veered out control through no intentional fault of my own.

14.    Once I received the December 1st Order, I contacted Trustee's counsel and advised Mr. Kantrow that I would be gathering the documents responsive to the Subpoena and retain counsel for the purpose of otherwise responding to the Trustee's Subpoena and submitting to a Rule 2004 examination.

3

15.     I retained counsel on December 19, 2023 and my counsel served my responses to the Subpoena on December 21, 2023 and appeared for the Rule 2004 examination on January 4, 2024. I was ready to appear at any date after December 25, 2023, but the Trustee's counsel was not available until January 4, 2024.

16.     I have now fully complied with the Order for a Rule 2004 examination and Subpoena. I answered every question posed by Trustee's counsel and did not withhold any documents.

17.     The reason for my prior non-compliance is excuseable. Quite simply, I was never served with the August 29th Order and Subpoena, the October 30th Order or the December 1st Order. Had I been, I would have immediately cooperated with the Trustee's counsel. I never would have acted in any manner which would place me in a calumnious light with this Court. Moreover, once I learned of the outstanding demands against me, I immediately took steps to rectify the situation.

18.     Notwithstanding the fact that I have complied with the Rule 2004 Order and Subpoena, the Trustee's counsel sought and obtained a money judgment against me in the sum of $33,000.00.

19.     In light of the fact that the reason for my neglect was excuseable, in that I had not received the August 29th Order and Subpoena nor October 30th Order, I respectfully request that the December 1st Order be modified to reflect that my contempt has been satisfactorily purged without the need for monetary sanctions imposed against me and the Judgment be vacated.

WHEREFORE, I respectfully request that this honorable Court grant my Application for the entry of an Order: (a) granting Shea Pallante relief from the terms of the Bankruptcy Court Order of December 1, 2023 and vacate the Judgment, pursuant to Bankruptcy

Rule 9024 and Federal Rule of Civil Procedure 60(b); and (b) such other and further relief as this

Court deems just and proper.

Shea Pallante

Sworn to before me this
16ᵗʰ day of January, 2024.

NOTARY PUBLIC

Exp: 04/19/2025

STEFFANY ARMSTRONG
STATE
OF
TENNESSEE
NOTARY
PUBLIC
RUTHERFORD COUNTY

5