The Kantrow Law Group, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:

SPROUT MORTGAGE LLC,

                              Debtor.

-------------------------------------------------------------------x

Chapter 11
Case No.: 23-72433-reg

### TRUSTEE'S APPLICATION SEEKING ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE SERVICE OF A SUBPOENA UPON DIME COMMUNITY BANK DIRECTING THE PRODUCTION OF DOCUMENTS

TO:    HON. ROBERT E. GROSSMAN
        UNITED STATES BANKRUPTCY JUDGE

        Allan B. Mendelsohn, the chapter 11 operating trustee (the "Trustee") of the Estate of Sprout Mortgage, LLC, the debtor (the "Debtor"), by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the service of a subpoena upon Dime Community Bank ("Dime"), directing the production of documents and states as follows:

### BACKGROUND

        1.        On or about July 5, 2023, an involuntary petition was filed against Sprout Mortgage LLC, seeking the entry of an Order for Relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). After a contested hearing before the Court on August 9, 2023, at which Sprout Mortgage LLC opposed the entry of an Order for Relief, the Court determined that such relief was appropriate and should be granted.

2.     Subsequently, the Debtor sought and obtained an Order of the Court converting the instant case from one under chapter 7 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code.  By Order dated October 20, 2023, the Court converted the case.  Allan B. Mendelsohn appointed as the Operating Trustee.

3.     Upon information and belief, the Debtor operated as a mortgage originator and servicer of non-qualifying loans and based upon a review of the various pleadings in the various actions against the Debtor and "affiliates" was able to conclude that the Debtor's business model was to comingle mortgagors' payments on outstanding loans in its general operating accounts and use the funds to support its operations.  In an action commenced by PNC Bank ("PNC"), it alleged that the Debtor acted as an interim servicer of certain loans and despite the fact that PNC directed and expected mortgagors' payments to be directed to a lockbox, the funds were directed to the Debtor and comingled in its general operating account.  PNC alleged that it never received the funds paid to the Debtor despite the fact that it had become the owner of the mortgage obligations. Similar allegations were made by other banks against the Debtor.

4.     Prior to the entry of the Order for Relief, Banc of California commenced an action against the Debtor and several "affiliated" entities styled *Banc of California, N.A. v. Planet Home Lending, LLC, Sprout Mortgage Corporation; Sprout Mortgage, LLC; Sprout Mortgage Asset Trust; Recovco Mortgage Management, LLC and Michael J. Strauss*, in the United States District Court for the Central District of California, Southern Division, Case No. 22-cv-2015 (the "California Action").

5.     The Trustee has obtained financial documents from Recovco Mortgage Management, LLC ("Recovco"), and upon reviewing same, discovered a Dime Business

Advantage Account, last four digits *1205. The Trustee must review bank statements from Dime

so that he may determine what financial relationship Recovco had with the Debtor.

### **RELIEF REQUESTED**

6.      By this Application, the Trustee seeks an Order of this Court, substantially in the

form of the proposed Order annexed hereto compelling Dime to produce documents specified in

Schedule "A".

7.      Bankruptcy Rule 2004 provides, in pertinent part, as follows:

(a) Examination on Motion.  On Motion of any party in interest, the court
may order the examination of any entity.

(b) Scope of Examination.  The examination of any entity under this rule or of the debtor
under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities
and financial condition of the debtor, or to any matter which may affect the administration
of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may
also relate to the operation of any business and the desirability of its continuance, the source
of any money or property acquired by the debtor for purposes of consummating a plan and
the consideration given therefor, and any other matter relevant to the case or to the
formulation of a plan.

(c) Compelling Attendance and Production of Documents.  The attendance of an entity for
examination and for the production of documents, whether the examination is to be
conducted within or without the district in which the case is pending, may be compelled as
provided in Rule 9016 for the attendance of a witness at a hearing or trial.  As an officer of
the court, an attorney may issue and sign a subpoena on behalf of the court for the district
in which the examination is to be held if the attorney is admitted to practice in that court
or in the court in which the case is pending.
Fed. R. Bankr. P. 2004(a), (c), (d).

8.      Examinations under Rule 2004 include within their scope, *inter alia,* any matter

that may relate to the property and assets of the estate; the financial condition of the debtor; any

matter that may affect the administration of a debtor's estate. Courts have consistently recognized

that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re*

*Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004

examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996);

*In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

9.      The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtor's estate.   Specifically, the Trustee seeks, *inter alia,* information relating to the Debtor's finances and debt. Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities of the Debtor's estate" and is appropriate under Rule 2004.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Smithtown, New York
      January 9, 2024

                              The Kantrow Law Group, PLLC
                              Attorneys for Allan B. Mendelsohn, Trustee

                    BY:    <u>S/Fred S. Kantrow</u>
                              Fred S. Kantrow
                              732 Smithtown Bypass, Suite 101
                              Smithtown, New York 11787
                              516 703 3672
                              fkantrow@thekantrowlawgroup.com