B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Eastern District of New York

In re <u>Sprout Mortgage, LLC</u>                                          Case No. <u>8:23-72433-reg</u>
                         Debtor

                                                                                              Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  <u>Custodian of Records, Banc of California, N.A.</u>
         *(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method:  _____

☒  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See Schedule A, attached hereto; documents to be produced by _____, 2024 at
   Hinshaw & Culbertson LLP,800 Third Avenue, 13th Floor, New York, NY 10022

          The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

                         CLERK OF COURT

                                              OR

                         _____          _____
                         *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 <u>PNC Bank, National Association</u>  , who issues or requests this subpoena, are:
   Karena J. Straub, Esq., Hinshaw & Culbertson LLP, 800 Third Ave, 13th Fl., New York, NY 10022,
   kstraub@hinshawlaw.com, 212-655-3811

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: SPROUT MORTGAGE, LLC,<br><br>                Debtor. | Chapter 11<br>Case No.: 8:23-72433-reg |

## SUBPOENA FOR RULE 2004 EXAMINATION

### SCHEDULE A – Document Requests

### I.    Definitions

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), the Federal Rules of Civil Procedure ("Federal Rules"), and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") shall apply to the requests for production Requests") listed below.

1.    2004 Order – The term "2004 Order" means the *Order Authorizing PNC Bank, National Association to Issue Subpoena for the Production of Documents upon Banc of California, N.A.*, entered on _____, 2024 in the above captioned Chapter 11 Case as Docket No. __.

2.    Account – The term "Account" or "Accounts" shall mean: (i) any and all bank accounts, including, but not limited to, all operating, payroll, tax, and escrow accounts; (ii) investment accounts including, but not limited to, equities, bonds, governmental obligations; (iii) credit card, merchant, and/or other accounts; and (iv) pension, profit sharing, retirement, and life insurance accounts.

3.    Agreement – The term "Agreement" shall mean the MLPISA and PPTA, collectively, each as defined below, under which Sprout Mortgage, LLC sold and transferred 26 identified conventional whole mortgage loans, along with the servicing rights associated with the Loans, to PNC Bank, National Association.

4.    BOC – The term "BOC" means Banc of California, N.A.

5.    Chapter 11 Case – The term "Chapter 11 Case" means Debtor Sprout Mortgage, LLC's Chapter 11 bankruptcy case, *In re Sprout Mortgage, LLC*, Case No. 23-72433-reg (Bankr. E.D.N.Y.).

6.    Communication – The term "Communication" or "Communications" means any transmission and/or receipt of information, whether oral or written, with or regarding Debtor.  The term "Communication" includes any letters, memoranda, statements, media releases, press conferences, magazine articles, newspaper articles, testimony before any court or governmental body, in-person statements and conversations, telephone statements and conversations, voicemail messages, video transmissions, audio transmissions, and electronic messages, including electronic mail, instant messages, text messages, and messages sent over mobile-device chat services.

7.     Court – The term "Court" means the United States Bankruptcy Court for the Eastern District of New York.

8.     Debtor – The term "Debtor" means Sprout Mortgage, LLC, inclusive of all officers, directors, employees, or other persons or entities acting or purporting to act on behalf of Sprout Mortgage, LLC.

9.     Document – The term "Document" or "Documents" is defined to be synonymous in meaning and scope to the usage of the term "documents or electronically stored information" in Federal Rule 34(a)(1)(A).

10.     Interim Servicing Period – The term "Interim Servicing Period" shall mean the period from June 24, 2022 through August 22, 2022, during which Debtor temporarily retained servicing rights related to the Loans and acted as the interim servicer on the Loans on behalf of and for the benefit of PNC Bank National Association.

11.     Loans – The term "Loans" shall mean the 26 identified conventional whole mortgage loans having an aggregate unpaid principal balance of approximately $35,044,123.92 sold and transferred to PNC Bank, National Association.

12.     MLPISA – The term "MLPISA" shall mean that certain Mortgage Loan Purchase and Interim Servicing Agreement, dated June 24, 2022, entered into between Debtor and PNC Bank, National Association.

13.     Obligation – The term "Obligation" shall mean the amounts owed by Debtor to PNC Bank, National Association arising out of Debtor's collection of monthly mortgage payments during the Interim Servicing Period.

14.     PNC – The term "PNC" means PNC Bank, National Association.

15.     PPTA – The term "PPTA" shall mean that certain Form of Purchase Price and Terms Agreement, dated June 24, 2022, entered into between Debtor and PNC Bank, National Association.

16.     You or Your – The terms "You" or "Your" mean or refer to the recipient of this subpoena, and its officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and/or all persons and entities purporting to act on its behalf, individually and/or collectively.

## II.    Instructions

1.     Each request must be answered separately, fully, in writing, and under oath.

2.     Precede each response with the Request to which it is addressed.

3.     These Requests shall be deemed continuing, such that if any responsive matter is obtained by you subsequent to the initial response, then a supplemental response shall be served, and the additional responsive matter provided, immediately.

4.      In responding to these Requests, specify which documents are responsive to each request and, where appropriate, to each sub-part thereof.

5.      Unless otherwise indicated, You shall produce all responsive Documents that are in Your possession, custody, or control.  A Document is in Your possession, custody, or control if you have actual possession or custody or the right to obtain the Document or a copy thereof upon request or demand from any entity or person.  This includes any Documents contained on or in any computer, mobile device, server, mainframe, or other storage device, whether located on-site or at an off-site facility, within your possession, custody, or control.

6.      Any reference to an individual, partnership or other non-corporate entity in these Requests includes that individual, partnership, or other non-corporate entity in any capacity and any and all agents, employees, representatives, attorneys, members, family members, predecessors and successor in interest, affiliates, departments or divisions and all other persons or entities acting on his/her/its behalf or under his/her/its control, whether currently, in the past or in the present.

7.      The term "possession" relates to all Documents, including email, text messages, mobile-device chats, or other messaging services, and any other electronically stored information, regardless of whether such Documents have been deleted but is capable of recovery.

8.      The Documents produced pursuant to these Requests shall be either (a) segregated and identified by the number of the request below to which they are responsive; or (b) produced as they are maintained in the ordinary course of business.

9.      Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

10.     Electronically stored information must be produced in both native and searchable format, unless PNC agrees otherwise.

11.     All Documents produced in electronic format shall be provided with: (i) "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic Document.  PNC also requests that all Documents also be produced in their native format.  The following metadata fields shall also be produced with all Documents produced in electronic format:

| Field Name | Description |
| --- | --- |
| **BEGDOC** | An automatically-generated number assigned to first page of the Document |
| **ENDDOC** | An automatically-generated number assigned to last page of the Document |
| **BEGATTACH** | An automatically-generated number assigned to the first page of the parent Document in a family |
| **ENDATTACH** | An automatically-generated number assigned to the last page of an attachment in a Document family |

| | |
|---|---|
| **PARENT_ID** | The beginning DOCID for a parent Document |
| **ATTACH_IDS** | The beginning DOCID for all attachments |
| **ATTCOUNT** | The number of attachments to an email |
| **DOC_TYPE** | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| **PARENT_CHILD** | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| **PAGECOUNT** | The number of pages of each individual Document |
| **FROM** | The name of the sender of an email, from the "From" field |
| **TO** | The recipient(s) of an email, from the "To" field |
| **CC** | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| **BCC** | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |
| **SUBJECT** | The text in the "Subject" line or "Re" line of an email or application file |
| **CUSTODIAN** | The name(s) of the Person(s) from which a collection of email- or application files originate |
| **AUTHOR** | The name of the author or the creator of an application file, from the "Author" field |
| **DATE_SENT** | The date on which an email was sent |
| **DATE_RCVD** | The date on which an email was received |
| **DATE_LASTMOD** | The date on which an email or application file was last modified |
| **DATE_CREATED** | The date an email or application file was created |
| **TIME_ CREATED** | The time at which an email or application was created |
| **TIME_SENT** | The time at which an email was sent |
| **TIME_RCVD** | The time at which an email was received |
| **TITLE** | The text in the "Title" field of an application file |
| **LAST_AUTHOR** | The name in the "Last Author" field for an application file |
| **LAST_SAVED** | The date in the "Last Saved" field for an application file |
| **LAST_PRINTED** | The date in the "Last Printed" field for an application file |
| **APPLICATION** | The name of the application that generated the native file |
| **FILEEXT** | The filename extension of each email, attachment, or application file |
| **FILENAME** | The name of an application file, including its extension |
| **FILESIZE** | The size of a Document in bytes |
| **SOURCEFOLDER** | The full path information for email, attachments, and application files beginning with the original source-folder name |
| **HASHVALUE** | The output of an algorithm-generated value for each individual file |
| **SEARCH_HIT** | The search term or terms that "hit" on a Document |
| **NATIVE_FILE** | A hyperlink to the native file |

12.     Each page of every Document produced in response to a Request must be marked with a unique Bates number to allow for accurate identification.

13.     Any Documents attached to each other shall not be separated.

14.     Any Document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

15.     Each requested Document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other Documents at any time affixed thereto.  If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

16.     To the extent that any responsive Document is withheld for any reason, including the contention that it is protected by any privilege or constitutes attorney work product and is not to be produced, You shall provide a list setting forth each such Document withheld, including

     a.  A description of the information or document (e.g.: letter, memorandum, report, etc.);

     b.  The subject matter of the information or document;

     c.  If the withheld item is a document,

          i.  the document's title, date, and total number of pages;

          ii.  the identity of the document's author, signer, and any other person who participated in its preparation;

          iii.  the identity of the document's addressee or recipient;

          iv.  the identity of each person to whom copies of the document were sent and/or each person who received or reviewed copies;

          v.  the present location of the document and, to the extent the document is no longer in your possession or subject to your control, the identity of the document custodian;

     d.  The reason(s) why the document or information is claimed to be privileged or constitutes work product.

17.     If only a portion of an otherwise responsive Document contains information claimed to be privileged or otherwise protected, those portions of the Document shall be redacted,

the Document shall be produced in redacted form, and the redacted information shall be included and identified on the list prepared in accordance with Paragraph 11, above.

18.    If an objection is made with respect to any Request, the objection shall state the grounds upon which it is based with specificity.  Any ground not timely identified and stated shall be deemed waived.

19.    If a Request is only partly objectionable, You shall respond to the remainder of the Request.

20.    If, in answering any of these Requests, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to answer, but there shall be set forth as part of the answer the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

21.    If any responsive or potentially relevant Document is subject to destruction under Your document-retention policies, such Document shall be excluded from any scheduled destruction and shall not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

22.    If any responsive Document has been destroyed, lost, or otherwise is no longer in Your possession, custody or control, in lieu of each such document, you shall submit a written statement which:

    (a)    Describes in detail the nature of the document and its contents;

    (b)    Identifies the person who prepared the document and, if applicable, the person to whom the document was sent;

    (c)    Specifies the date on which the document was prepared and, if applicable, transmitted.

    (d)    Specifies, if known, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the identity of the person requesting and/or performing the destruction.

23.    Unless otherwise identified in the individual Request, the temporal scope of these Requests is June 1, 2022 to present.

### III.    Requests for Documents

**Request No. 1:**        Copies of all agreement(s) and any amendments thereto entered into between You and Debtor in connection with any funds deposited by the Debtor in connection with the Loans.

**Request No. 2:**        All statements given by or on behalf of You to any person or entity concerning the Account(s), Agreement, and/or Loans (other than those made by BOC to its attorney), including but not limited to, oral, written, and recorded statements.

**Request No. 3:**        All documents relating to written or oral communications or attempted communications between You and Debtor, including but not limited to, correspondence, notes, diaries, logs of telephone calls, and tape recordings, regarding the Account(s), Agreement, and/or Loans.

**Request No. 4:**        All documents identifying any account of any type (i.e., checking, savings, money market, certificate of deposit, loan, credit, etc.) maintained by Debtor with BOC.

**Request No. 5:**        A copy of BOC's account agreement(s), and any amendments thereto, governing any Account with Debtor.

**Request No. 6:**        All account statements for Debtor's depository accounts with BOC from June 1, 2022, to present, along with evidence of all deposits made into such depositary accounts and withdrawals from such depositary accounts from June 1, 2022, to present.

**Request No. 7:**        All documents evidencing transactions from, with, or otherwise related to the account ending in -2336 from June 1, 2022, to present not otherwise included in Your response to Request 6.

**Request No. 8:**        Any and all documents and/or communications between Debtor and BOC related to the account ended in -2336 from June 1, 2022, to present.

**Request No. 9:**        Any and all documents and/or communications exchanged between Debtor and BOC related to the Agreement and/or the funds deposited into the Debtor's depositary accounts from June 1, 2022, to the present.

**Request No. 10:**        Any and all documents and/or communications exchanged between Debtor and BOC related to the Loans.

**Request No. 11:**        Any and all documents related to payments received by BOC, whether such payment was made directly by or on behalf of Debtor, for any mortgage loan sold to PNC through the Agreement.

**Request No. 12:**        Any and all documents related to any mortgage loan sold to PNC through the Purchase Agreement, which was originated by Debtor with funds from BOC.

**Request No. 13:**        All statements evidencing activity from June 1, 2022 to present related to any other depository accounts maintained by the Debtor at BOC, not previously identified and provided in response to any other Request, on which Debtor is authorized to approve payments, transfers, and/or withdrawals.

**Request No. 14:**        All correspondence from BOC to Sprout related to the imposition, exemption, or removal of any freeze, suspension, or other limitations placed on transactions related to the Account(s) from June 1, 2022, to the present.

Dated: New York, New York
      _____, 2024

                                        HINSHAW & CULBERTSON LLP
                                        *Attorneys for Creditor, PNC Bank, N.A.*

                    By: _____
                        Karena J. Straub, Esq.
                        800 Third Avenue, 13th Floor
                        New York, New York 10022
                        Tel: (212) 471-6200